142 F.3d 443
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Herminia L. JOSE, Petitioner,
v.
Immigration and Naturalization Service, Respondent.
 No. 97-70831.
INS No. Aby-pbj-you.
 United States Court of Appeals,
Ninth Circuit.
 Submitted April 20, 1998**.
Decided April 22, 1998.
 
 On Petition for Review of an Order of the Board of Immigration Appeals.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herminia L. Jose, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision denying her application for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We review for substantial evidence the BIA's determination that Jose was not eligible for asylum, see Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997), and we deny the petition for review.
 
 
 3
 The BIA's determination that Jose failed to establish a well-founded fear of future persecution in the Philippines on account of her political opinion or other statutory ground is supported by substantial evidence. See INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); Sangha, 103 F.3d at 1486-87, 1490. Moreover, Jose failed to provide evidence that she had been persecuted in the past on account of one of the statutory grounds. See id. at 1490.
 
 
 4
 Because Jose failed to demonstrate a well-founded fear of persecution, she also failed to satisfy the higher standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1428-29 (9th Cir.1995).[2]
 
 
 5
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repeals 8 U.S.C. § 1105a and replaces it with a new judicial review provision to be codified at 8 U.S.C. § 1252. See IIRIRA § 306(c)(1), Pub.L. No. 104-208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104-302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, we continue to have jurisdiction over the instant petition under 8 U.S.C. § 1105a. See IIRIRA § 309(c)(1)
 
 
 [2]
 We reject Jose's remaining contentions because they lack merit